TILFORD, AUDITOR, *v.* DOUGLASS, TRUSTEE.

TOWNSHIP TAX.—*Incorporated Town.*—A tax for township purposes can be legally collected upon property within an incorporated town situated in the township where the tax has been levied.

APPEAL from the Morgan Circuit Court.

DOWNEY, J.—This was a proceeding by mandate, by the appellee, as township trustee, against the appellant, as auditor of the county. A demurrer to the affidavit or complaint was overruled, the defendant excepted, and failing to make any further defence, judgment was rendered against him. The error assigned is the overruling of the demurrer; and the question, and only question, involved in the case is whether or not a tax for township purposes can be legally collected upon property within an incorporated town situated in the township where the tax has been levied.

It is contended by counsel for the appellant that no part of the fund arising from this tax is expended for the benefit of the incorporated town, and that therefore the property of the town should pay no part of the tax.

By the act relating to township business, 1 G. & H. 636, most of the duties of a township trustee are prescribed. He must keep a record of his proceedings; receive and disburse the money of the township; divide the township into highway districts; fill vacancies in the office of supervisor of highways; see to the application of all moneys belonging to the township for school, road, or other purposes, and perform all duties theretofore required of township trustees, clerk, and treasurer, under the supervisors and school acts; manage all property, real and personal, of the township; cause a record to be made and kept of the road districts, and any alterations in the boundaries of them; and administer oaths when necessary in the discharge of the duties of his office. He is also to act as inspector of elections, overseer of the poor, and fence viewer. He is to levy the township and road tax, with the advice and concurrence of the board of county commissioners, and report the same to the county auditor, that it may be put on the tax duplicate and collected by the county treasurer. He is to examine and settle accounts against the township, take vouchers, keep accounts, and report them to the county commissioners in his annual report. He is to settle with the supervisors, and to make a detailed report to the county board, annually, at which time the commissioners, upon the filing of an itemized statement, verified by him, of his charges and services as trustee, are authorized to allow him such reasonable compensation as they deem just, which by that act was not to exceed one dollar and fifty cents per day; but by the fee law of 1871, was increased to two dollars and fifty cents per day, and by the fee law of 1873, to three dollars per day, and which compensation, by all of said acts, was and is payable out of the township fund.

The township trustee performs no duties with reference

to the common schools in the incorporated towns. These duties in the towns are performed by officers appointed by the authority of the town. 3 Ind. Stat. 441, sec. 4, and p. 442, sec. 5. He has little to do with reference to streets, alleys, and highways in the the incorporated towns, or the road tax thereon, although, perhaps, it cannot be said that he has nothing to do with them. He levies the road tax as we have seen, and this is probably collectible within the towns. 1 G. & H. 629, sec. 47, and Acts of 1869, p. 33, sections 1 and 9.

It is also claimed that the expenses of the poor are all paid out of the county treasury, and not out of the township fund. This seems true as to the disbursements for the relief and support of the poor, but not, we think, as to the pay of the trustee for his services as overseer of the poor. To act as overseer of the poor is, as we have seen, one of his duties as trustee, and for all his services as trustee, as we have shown, he is paid out of the township fund.

We have not been referred to any statute which makes any other provision for payment for his services as inspector of elections, unless it be that found in 1 G. & H. 314, secs. 48 and 49; and it is questionable whether these sections, so far as the compensation of the trustee is concerned, are not superseded by the late statutes to which we have referred, making general provision for paying him for all his services out of the township fund. As the poor are generally more numerous in the towns than in the country, it is probable that the towns get their full share of the services rendered by the trustee as overseer of the poor.

The people of an incorporated town should not pay any part of the compensation of the trustee while he is acting with reference to public schools or other matters which concern exclusively the part of the township outside of the incorporated towns; but it seems right that the towns should pay their proper proportion of the compensation of the trustee when he is engaged as overseer of the poor, or in other matters which concern the town as well as the rest of

the township. There is an evident inequality in collecting from the town, equally with the rest of the township, a tax, a great part of which is expended for purposes in which the town has no concern. But while the law remains as it is, there is no remedy which the courts can apply.

The judgment is affirmed, with costs.

*C. F. McNutt* and *G. W. Grubbs*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellee.