JAMES E. McBRIDE v. CITY OF GRAND RAPIDS.

*Municipal officers—Mandamus to compel payment of salary—Extra-official services—Recovery of money paid by mistake—Burden of proving error.*

*Mandamus* is the proper remedy to enforce the payment by a municipal corporation of an official salary, the amount of which is fixed.

A city officer is entitled to be paid for acts done, under appointment of the common council, outside of his official duty.

A common council passed a resolution appointing a committee of its members to act with the city attorney, police justice, and chief of police, to revise the ordinances. The police justice was not, as such, a servant of the council, nor subject to their directions in rendering unofficial services. *Held,* that as he was appointed by a resolution of the council the committee had nothing to do with his employment beyond directing the labor, which, however, would bear on the amount of his services; nor were his duties imposed by the city attorney; he therefore had a right of action against the city for com-. pensation, and it was error to charge that he was entitled thereto if the council accepted and adopted the revision, as if that was a condition of his being paid for his labor. So also with extra-official services in aiding the city to collect money from the county, unless his services were meant to be gratuitous.

A municipal officer who claims to recover from the city money which he has paid to it by mistake, has the burden of showing the mistake and the over-payment; but no different weight of evidence is required than in any other civil issue.

Error to Superior Court of Grand Rapids. Submitted October 20. Decided October 27.

ASSUMPSIT. Plaintiff brings error. Reversed.

*L. E. Carroll* and *Wm. Wisner Taylor* for plaintiff in error. Beneficial services, rendered on request, will not be presumed gratuitous: 1 Pars. Cont. 445; *Dougherty v. Whitehead* 31 Mo. 255; *Martin v. Fox* 19 Wis. 552; *Abbot v. Hermon* 7 Greenl. 118; corporations may be bound by contracts, within the scope of their powers, implied by authorized acts: 1 Dill. Mun. Corp. § 383; 2 Kent's Com. 291; *Bank of Columbia v. Patterson* 7 Cr.

299; acceptance of an architect's plans by a city committee and their adoption and use by the city bound the latter to pay for them: *Peterson v. Mayor* 17 N. Y. 453; where one who is charged with a duty places another in a position where he is expected to assist in performing services for the requesting party, a contract to pay for it is presumed: *Seibrecht v. New Orleans* 12 La. Ann. 496; *Loker v. Brookline* 13 Pick. 343; *Jones v. Lancaster* 4 Pick. 149; *Wood v. Waterville* 5 Mass. 294; where a city used gas furnished to it without any authority by ordinance it was held liable to pay for it: *Gas Co. v. San Francisco* 9 Cal. 466; *People v. Swift* 31 Cal. 26; *Hooker v. Eagle Bank* 30 N. Y. 83; *Howe v. Keeler* 27 Conn. 538; mandamus will not lie to compel municipal authorities to pay claims against the corporation if there is any other adequate and specific remedy: High Ext. Rem. § 339; *Mansfield v. Fuller* 50 Mo. 338; *Ward v. County Court* id. 401; *Com. v. Commissioners* 16 S. & R. 317; *Lexington v. Mulliken* 7 Gray 280; *People v. Clark County* 50 Ill. 213; *Johnson County v. Hicks* 2 Ind. 527; *People v. Supervisors* 11 N. Y. 563; *People v. Mayor* 25 Wend. 680; *Exp. Lynch* 2 Hill 45; *People v. Thompson* 25 Barb. 73; *People v. Wood* 35 Barb. 653; *People v. Booth* 49 Barb. 31; *Crandall v. Amador County* 20 Cal. 72; *State v. County Judge* 5 Ia. 380; *Burnet v. Auditor* 12 Ohio 54; *State v. Supervisors* 29 Wis. 79; also, *Merritt v. Lawrence* 6 Hill 244; *Bradley v. Judges* 1 Doug. (Mich.) 319; *Exp. Cheatham* 1 Eng. (Ark.) 437; *Boyce v. Russell* 2 Cow. 444; *Perkins v. Hawkins* 46 N. Y. 9, nor where the account is not settled: *Michigan Paving Co. v. Common Council* 34 Mich. 203.

City Attorney *William J. Stuart* and *Stuart & Sweet* for defendant in error.

CAMPBELL, J. Plaintiff sued the city of Grand Rapids for several items, including *first*, for two month's salary as police justice in 1874; *second*, for services in preparing ordinances; *third*, for preparing bills for the city to collect

costs from the county; and *fourth*, for money paid into the treasury by mistake and not refunded.

The first of these claims was for two months' salary which was fixed by the council at $1200 per year and made by law payable monthly. Plaintiff claims that this was due him absolutely, and the city claimed that in consideration of it he agreed to do certain things concerning a substitute. In either case, whether subject to counter equities or not, the sum claimed and payable in the first instance was fixed. Whether any force is due to the supposed contract to furnish a substitute during his absence or not is of no consequence on this issue, for plaintiff sues for a sum certain, and there is nothing in the record which would change its character as presented in evidence, so as to answer the objection that a *mandamus* should have been resorted to. Payment of salaries can be better enforced in that way, and officers should not be driven to an action when a summary remedy is the only one which will prevent gross injustice. See *Just v. Township of Wise* 42 Mich. 573; *People v. Board of Auditors of Wayne* 13 Mich. 233; *Same v. Same* 5 Mich. 223; *Peterson v. Manistee* 36 Mich. 8; *Dayton v. Rounds* 27 Mich. 82.

All of that part of the case may be disregarded. In regard to his services in drafting ordinances it appears that the council appointed a committee of its own members, to act with the city attorney, police justice and chief of police, to make a revision of the ordinances, and that in making this revision plaintiff did a large part of the work of drafting and shaping them, and spent some time in obtaining information to draw them properly.

Upon this the court instructed the jury that it was the business of the city attorney to prepare ordinances, and that he could not employ others without the authority of the council. But the court further directed the jury, that if plaintiff was employed by the committee on an understanding that he should be paid, and this was known to the council, and they accepted and adopted the ordinances, then he was entitled to a reasonable sum.

As police justice the plaintiff was not a servant of the council, and was not subject to their directions in performing outside services. It was held in *Detroit v. Redfield* 19 Mich. 376, that when the common council of a city appoint a city officer to do acts outside of his official duty, he stands in the same position as a stranger, and is entitled to be paid for what he does in that employment. As Mr. McBride was appointed by the council, under the resolution which directed the work to be done, the committee had nothing to do with his employment beyond such division of labor as they might find convenient, which of course would bear upon the amount of his services. Whatever the council might have required of the city attorney, had they chosen to employ him for that purpose, it cannot be said that McBride's duties were imposed by that officer in this case. The revision of a code of ordinances is a responsible work, differing considerably from the routine of drawing single ordinances to meet special occasions, and the council were not obliged to leave the work to the attorney, and did not leave it to him. It was also error to make the adoption of ordinances the condition of payment for their preparation. Revisions are not always passed as they are drawn, but it would be a singular thing if the compensation of the reviser were to depend on the passage of his revision.

Similar remarks may apply to such services as he rendered in aiding the city to collect money of the county, which we passed upon in a former case in this court. *Police Justice v. Kent Supervisors* 38 Mich. 421. If he performed services beyond those connected with the taxation of costs. (which belonged to his official duty), he has a claim for the reasonable value of what he did, unless intended to be gratuitous.

We are inclined to think the court did not mislead the jury in regard to money paid by mistake. It undoubtedly is plaintiff's duty to show the mistake and overpayment. It is not, however, governed by any different weight of evidence from any other civil issue. The remarks in regard to the credit of witnesses as reported are perhaps not quite

guarded enough, but it is not likely on another trial any difficulty will arise on the subject.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.