The Board of Commissioners of Vigo County v. Fischer.

———————————◆———————————

No. 8337.

86    139<br>'142   467

THE BOARD OF COMMISSIONERS OF VIGO COUNTY v. FISCHER.

TOWNSHIP TRUSTEE.—*Overseer of Poor.*—*Compensation for Services.*—*Statute Construed.*—The township trustee is *ex officio* overseer of the poor of his township; but, under the fee and salary acts of March 8th, 1873, and of March 12th, 1875, the compensation of the trustee, for all services rendered by him, was limited to the *per diem* allowance specified in such acts respectively, and was payable out of the township fund, and not out of the county funds.

From the Vigo Circuit Court.

*C. T. Burton, C. F. McNutt* and *J. G. McNutt*, for appellant.

*M. Hollinger, —— Huston, J. E. McDonald* and *J. M. Butler*, for appellee.

HOWK, J.—The appellee presented to the appellant an account or claim for services rendered by him as overseer of the poor. The appellant made an order to the effect that the claim should not be allowed, and from this order the claimant,

Fischer, appealed to the circuit court of the county. There, the appellant demurred to the appellee's claim or account, for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court, and to this ruling appellant excepted. An answer was then filed in two paragraphs, to wit: 1. A general denial; and, 2. Payment in full for the services mentioned in appellee's claim. The cause was tried by the court, and a finding was made for the appellee, in the full amount of his claim. Over the appellant's motion for a new trial, and its exception saved, the court rendered judgment for the appellee, in accordance with its finding.

The first error assigned by the appellant, in this court, is the overruling of its demurrer to the appellee's cause of action. The account and claim of the appellee against the appellant were, in substance, as follows:

"*The Board of Commissioners of Vigo County,*
            *To Frederick Fischer, Dr.*

"To services as overseer of poor, from October 20th, 1874, to May 20th, 1878, at one dollar per day, for 1075 days, as provided by act for relief of poor, approved June 9th, 1852, section 20, 1 R. S. 1876, p. 680 . . . . . . . . . $1,075.00.

"I certify that the above account is just and unpaid.

            (Signed)    "FREDERICK FISCHER,
                  "Trustee Harrison Township."

"Frederick Fischer says, that he is ex-trustee of Harrison township, in said county; that the bill heretofore filed, and of this made a part, was for services rendered as overseer of the poor; that said township embraces the city of Terre Haute, containing a population of 25,000 souls; that the services rendered as such overseer occupied times not set out under the duties of trustee; that during the whole time of his said office, which embraced four years, he was occupied during nights, Sundays and all unseasonable hours, in discharging his said duties as overseer, answering calls of tramps, widows, orphans, needy and helpless; and that the said county has never paid

him for said services. Wherefore he asks that he be paid said sum as set out and as asked for."

The question for decision is this: Does this complaint or claim state a cause of action against the appellant? The question is not free from difficulty, because of the fact that there is some confusion in the statutory provisions bearing on the subject. With no little doubt and hesitancy, we have reached the conclusion, that, for the services rendered by appellee, as stated in his complaint, he has no valid or legal claim against the appellant. This conclusion is in harmony with, and supported by, the opinion of this court, in *Tilford, Auditor*, v. *Douglass, Trustee*, 41 Ind. 580. It was there said: "It is also claimed that the expenses of the poor are all paid out of the county treasury, and not out of the township fund. This seems true as to the disbursements for the relief and support of the poor, but not, we think, as to the pay of the trustee for his services as overseer of the poor. To act as overseer of the poor is, as we have seen, one of his duties as trustee, and for all his services as trustee, as we have shown, he is paid out of the township fund."

In the case cited, the court placed a construction upon the same statutory provisions, in relation to the duties and compensation of township trustees, which were in force during all the time mentioned in the appellee's claim. When the conclusion is reached that, under the statute, it is one of the duties of the township trustee to act as overseer of the poor, then it would seem to follow that, for the services of the trustee in the discharge of his duties as overseer of the poor, his compensation must be limited to the *per diem* fee of the township trustee. Especially so, as the fee and salary act of March 12th, 1875, and the fee and salary act of March 8th, 1873, which two acts covered the entire time mentioned in appellee's claim, both declared in effect that the township trustee should be allowed for his services the *per diem* fees set forth in the acts, and no other. In each of those acts it was expressly provided that the *per diem* fee of the township trustee

for his services, as stated therein, should "be paid out of the township fund."

We are of the opinion, therefore, that the appellee's claim or complaint did not state facts sufficient to constitute a cause of action against the appellant, and that its demurrer thereto ought to have been sustained. The facts stated show that appellee's claim, if any he has, for the services mentioned therein, can only be asserted under the law against Harrison township.

In the view we have taken of the question for decision, in this case, we are strongly sustained, as it seems to us, by the provisions of section 32 of the fee and salary act of March 31st, 1879, which act was passed subsequently to the time covered by appellee's claim. In this section 32, it was provided as follows:

"The *per diem* of township trustees shall be as follows, to wit: For each actual day's service they shall be allowed to be paid out of the township fund $2.00: *Provided*, That for all services as overseer of the poor said township trustees shall be paid out of any funds in the county treasury not otherwise appropriated, on the order of the board of county commissioners." Acts 1879, p. 142.

In this section, the *per diem* allowance of township trustees, to be paid out of the township fund, is materially reduced from what it had been under the laws in force during the entire term covered by appellee's claim. The language of the proviso, in section 32, is clearly prospective in its operation. In view of this proviso, it may well be regarded, we think, as a new and substantive provision, intended to compensate the township trustees, to some extent, for the reduction made in their *per diem* allowance. It is very clear, from the language of this proviso, that the General Assembly did not consider the township trustees entitled to any compensation for their services as overseers of the poor, under then existing or prior legislation, other than their *per diem* allowance, to be paid out of the township fund.

This conclusion renders it unnecessary for us to consider the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded with instructions to sustain the demurrer to the complaint, and for further proceedings.