## A. S. BURROUGHS v. THE BOARD OF COMMISSIONERS OF NORTON COUNTY.

COUNTY COMMISSIONERS, *Compensation of.* The limitation of one hundred dollars contained in the proviso to amended § 13 of the act relating to counties and county officers, (Comp. Laws 1879, p. 274, ch. 25, § 13,) which relates to the compensation of members of the board of county commissioners, does not include pay for the service of such members while attending meetings to equalize assessments, to levy taxes, or to canvass the returns of elections; and hence a member of the board of county commissioners, after receiving one hundred dollars as compensation for services rendered in attending the regular and special meetings of the board, provided for in the body of said § 13, may receive further compensation for services rendered in attending meetings to equalize assessments and to levy taxes, and to canvass the returns of elections.

### *Error from Norton District Court.*

THE nature of the action, and the facts, appear in the opinion. At the September Term, 1882, of the district court, the plaintiff *Board of Commissioners* had judgment against defendant *Burroughs,* who brings the case to this court.

*Louis K. Pratt,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the board of county commissioners of Norton county, against A. S. Burroughs, a former commissioner of said county, to recover $62, alleged to have been overdrawn by Burroughs, as compensation for his services while acting as county commissioner, in 1880. The case was submitted to the district court upon an agreed statement of facts, and the only question presented to that court was one of law, and was as follows: Does the limitation of one hundred dollars contained in the proviso to amended § 13 of the act relating to counties and county officers, (Comp. Laws 1879, p. 274, ch. 25, § 13,) which relates to the compensation of members of the board of county commissioners, include pay for the services of such members while attending meetings to equalize assessments, to levy taxes, and

to canvass the returns of elections, and for services on committees as well as compensation for services in attending regular and special meetings of the board held in pursuance of or under said § 13? The district court decided that the defendant as a member of the board was entitled to draw pay for his services rendered in committee work, in excess of the one hundred dollars mentioned in said proviso, but that he was not entitled to receive anything for his services rendered in attending the meetings of the board to equalize assessments, to levy taxes, or to canvass the returns of elections, provided he had already received one hundred dollars as compensation for attending other meetings of the board within the year. The defendant contended at the trial of this case, and now contends, that the said one hundred dollars limitation applies only to compensation for services of members of the county board in attending the regular and special meetings mentioned in the first part of said § 13; and also that the proviso to said § 13 is void, for the reason that the legislature in enacting it did not comply with the provisions of the first two clauses of § 16, art. 2, of the constitution. Changing the order of these two questions, we would say that we see no good or sufficient reason for holding that the proviso to said § 13 is void. The only plausible ground for claiming that it is void is as hereinafter stated. The original § 13 was first enacted in 1868, and it did not contain said proviso. The section was afterward amended in 1873, by an act designated as chapter 74, and approved March 3, 1873; and the section thus amended did not yet contain said proviso. In 1879 the section was again amended, by an act entitled "An act to amend chapter 74 of the statutes of 1873, approved March 27, 1873." In the section as thus amended the proviso first appears; and the principal ground for claiming that the proviso is void, is that the title to the act states that the former act was approved on March 27, 1873, while in fact it was approved March 3, 1873. We do not think that this mistake of the legislature renders the act of 1879, or the proviso, invalid. There is enough to indicate, and to

clearly indicate, what the legislature intended. There is but one chapter 74 of the Laws of 1873, and there is but one chapter of the Laws of 1873 to which this amendment, contained in the act of 1879, could be applicable. Hence we perceive no good reason for holding that said proviso is unconstitutional or void. We think the subject of the act is sufficiently expressed in the title, and that the amendment of said § 13 by adding said proviso is not unconstitutional or void on account of any indefiniteness or uncertainty in the title to the act.

We shall now proceed to consider the first question presented by counsel for plaintiff in error, defendant below. We think the court below erred in holding that said proviso applies to compensation for services rendered by the county commissioners in attending meetings as a board for the equalization of assessments; or as a board to levy taxes; or as a board to canvass the returns of elections. Said amended section reads as follows:

"The board of county commissioners shall meet in regular session at the county seat of the county, on the first Monday of January, and the first Monday after the first Tuesday of April, and the first Mondays of July and October in each year, and in special session on the call of the chairman at the request of two members of the board, as often as the interest of the county may demand: *Provided,* The pay for such service, including all regular and special meetings, shall never exceed the sum of one hundred dollars to each commissioner in any one year."

This section it will be perceived, provides for *regular* meetings of the county board to be held on the first Mondays of January, July, and October, and on the first Monday after the first Tuesday in April, and provides for *special* meetings to be held "on the call of the chairman at the request of two members of the board." And *no other regular or special meetings* are provided for by the said section. The proviso states: "That the pay for *such service,* including all *regular and special meetings,* shall never exceed the sum of one hundred dollars to each commissioner in any one year." Now

the words "such service" unquestionably mean the service performed at the regular and special meetings provided for in the body of the section. Under no rule of language can they mean anything else; and the words "all regular and special meetings" are intended to embrace only such services as are included in the previous words, "such service." The language itself indicates this, and it cannot mean anything else. The language is: "Such service, *including* all regular and special meetings." Besides, there are no meetings of the board which can properly be termed regular or special meetings, except such as are provided for in the body of said § 13. The other meetings of the commissioners are not held at the times designated for the regular meetings in January, April, July, and October; nor are they called directly or indirectly by "the chairman at the request of two members of the board." These other meetings are fixed by law, and are for special purposes; and are not intended for the transaction of ordinary county business. On the first Monday of June of each year, the commissioners meet as a "board of equalization" to equalize the assessments of property, (Comp. Laws 1879, ch. 107, art. 11, § 73, *et seq.;*) on the first Monday of August of each year, the county commissioners meet as a board to levy taxes, (Comp. Laws 1879, ch. 107, art. 13, § 83;) and on the Friday next following an election, the commissioners meet as a board of canvassers to canvass the election returns, (Comp. Laws. 1879, ch. 36, art. 3, § 28, *et seq.;*) and general elections are held on the Tuesday succeeding the first Monday in November, (Const., art. 4, § 2;) and township elections are held on the first Tuesday in February in each year. (Comp. Laws 1879, ch. 110, art. 2, § 1.)

We do not think that said § 13 includes meetings of the county commissioners to equalize assessments, or to levy taxes, or to canvass election returns; and therefore we think the court below erred.

The judgment of the court below will therefore be reversed, and cause remanded, with the order that judgment be ren-

dered in favor of the defendant and against the plaintiff for costs.

All the Justices concurring.