The Board of Commissioners of Montgomery County v. Bromley.

No. 13,000.

THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY
v. BROMLEY.

TOWNSHIP TRUSTEE.—*Overseer of Poor.*—*Limit of Compensation.*—*Statute Construed.*—Under section 32 of the act of March 31st, 1879 (section 6009, R. S. 1881), a township trustee is entitled to two dollars per day, payable out of the township fund, for services rendered in the ordinary business of the township, and to the same rate of compensation, payable out of the county treasury, for services as overseer of the poor; but he is not entitled to receive two dollars from each source for the same day's services, that amount being the limit of his compensation from either or both, according as the services are performed.

SAME.—*Intermingled Services.*—*Action Against County for Services as Overseer.* —*Reimbursement of Township for Overcharges.*—Where a township trustee during his term intermingles his services for the township and as overseer of the poor, and receives full compensation from the township fund for every day when he performed any official duty, he can not recover compensation from the county for services as overseer, on the ground that he is liable to reimburse the township fund for the amount overcharged for other official services.

From the Montgomery Circuit Court.

*J. H. Burford*, for appellant.

*R. B. F. Peirce, W. T. Brush, J. Wright* and *J. M. Seller*, for appellee.

NIBLACK, J.—The proceeding which led to this appeal was commenced by the filing of a claim by William Bromley against Montgomery county, before the board of commissioners of that county, for services as overseer of the poor, while formerly acting as trustee of Union township of the county in question.

The commissioners rejected the claim, and Bromley appealed to the circuit court, where the cause was tried without a jury.

At the request of one of the parties, the circuit court made a special finding of the facts, which may be synoptically stated as follows:

That Bromley was the duly elected, qualified and acting

trustee of said township of Union from the 17th day of April, 1882, to and including the 17th day of April, 1884; that during all that interval of time, Sundays excepted, Bromley, as such trustee, kept his office open for the transaction of the township business, performing some duty as trustee of said township upon every working day during his official term; that for his services, as such township trustee, Bromley charged, and was allowed and paid, the sum of two dollars per day for each and every day of his term of office, Sundays only excepted, out of the township funds of his township; that a room, called an office, for the transaction of the township business, was provided at the expense of the township; that the duties devolving upon Bromley during his term were so extended and continuous as to require him to be in and keep his office open every working day for the transaction of official business; that during his official term Bromley performed the duties of overseer of the poor of his township, in which the city of Crawfordsville was situate, and which contained a population of about ten thousand persons, of which a large number were poor people, requiring almost daily attention of some kind; that during every day on which he, Bromley, performed any duty as overseer of the poor, he also performed some service as township trustee for which he had been paid out of the township fund as above stated; that during his term of office, he was, for three hundred days, engaged in the performance of his duties as overseer of the poor of his township, for which he had received no compensation; that his, Bromley's, claim for services as overseer of his township was made out, duly certified and filed with the auditor of Montgomery county, on the 9th day of May, 1884.

Upon the facts thus specially found, the circuit court came to the conclusion that Bromley ought to recover a compensation for his services as overseer of the poor at the rate of two dollars per day for three hundred days, and that he was

consequently entitled to have judgment against Montgomery county for $600.

Over exceptions reserved, judgment was rendered accordingly.

Error is assigned only upon the conclusions of law at which the circuit court thus arrived, the argument in support of the assignment of error being that a township trustee can not receive two full, separate and distinct compensations for the same day's services, that is to say, that a township trustee can not receive from the township fund two dollars for a day's services rendered in the transaction of ordinary township business, and then demand and receive an additional compensation out of the county treasury for services performed on the same day as overseer of the poor.

The first section of "An act for the relief of the poor," approved June 9th, 1852, provided that "the township trustees of the several civil townships of this State shall be the overseers of the poor" within their respective townships, and shall perform all the duties with reference to the poor of their respective townships that may be prescribed by law. 1 G. & H. 493. That section is still in force, subject only to the intervening legislation reducing the number of township trustees to one in each township. R. S. 1881, section 6066. The second section of the same act further provided that "Every township trustee shall, in discharging the duties prescribed in this act, be designated an 'overseer of the poor,'" and that section is still in force. R. S. 1881, section 6067. The twentieth section of the act in question (R. S. 1881, section 6085), still further provided that the overseer of the poor in each township should be entitled to receive one dollar per day for each day necessarily employed in the discharge of his duties as such overseer of the poor, to be allowed by the board of commissioners of his county. The same *per diem* compensation was then allowed to a township trustee while engaged in the performance of his other duties, to be paid out of the township fund. 1 R. S. 1852, 290.

It was, in effect, decided in the case of *Board, etc.,* v. *Fischer,* 86 Ind. 139, that all laws theretofore relating to the compensation of township trustees, whether acting as overseers of the poor or otherwise, had been superseded and repealed by the acts of March 8th, 1873, and of March 12th, 1875, respectively, and that under each of those acts a township trustee was only entitled to receive the *per diem* compensation therein respectively allowed without reference to the particular services which he might have performed, payable in all cases only out of the township fund; and to that construction of the acts in question we still adhere. The various statutory provisions prescribing the duties, as well as the compensation, of township trustees, have been enacted upon the evident theory that all the time of each trustee would not be occupied in the discharge of the duties of his office. That is well illustrated by the provisions of section 6008, R. S. 1881, which requires a township trustee to designate certain days in each week, or month, in which he will attend to the business of his township, and to cause notice to be given of the days so designated. It is equally evident that when the present township system was entered upon, it was with the expectation that the time which a township trustee should devote to the business of overseeing the poor should be kept and charged for separately from the time occupied in the discharge of other official duties.

This inference is fully justified by the provision of the act of June 9th, 1852, which made services as overseers of the poor a charge upon the county funds of the several counties, when all other services required of a township trustee were to be paid for out of the proper township fund. The policy of paying for services as overseer of the poor out of a separate fund seems, as shown by the case of *Board, etc.,* v. *Fischer, supra,* to have been abandoned for a series of years, but it has been returned to by the act of March 31st, 1879.

The 32d section of that act is in these words: "The *per*

*diem* of township trustees shall be as follows : For each actual day's service they shall be allowed, to be paid out of the township fund, two dollars : *Provided,* That for all services as overseer of the poor, said township trustee shall be paid out of any funds in the county treasury not otherwise appropriated, on the order of the board of county commissioners." That section is still in force. See R. S. 1881, section 6009.

As a statutory provision, that section might, perhaps, have been so framed as better to express the precise legislative meaning intended to be conveyed, but construed in the light of antecedent legislation, and with reference to the purpose which the Legislature clearly had in view in passing the act of March 31st, 1879, we interpret it to mean that for services in the ordinary civil and school business of the township, the trustee shall be paid at the rate of two dollars per day out of the township fund, and that for services as overseer of the poor, he shall be paid at the same rate out of the county treasury, and that separate accounts must be kept of the amount of each class of services rendered from time to time.

We further interpret the section under consideration to mean that, as applicable to both classes of service, an allowance of only two dollars can be made for an actual day's service, without reference to the manner in which the day may have been divided between the two classes of service, and that, consequently, a township trustee is not entitled to receive, out of any fund, more than two dollars for official services performed during any one day. We are strengthened in this interpretation by the conclusion reached in the case of *Stout* v. *Board, etc.,* 107 Ind. 343, which was that the legislative intention in passing the act of March 31st, 1879, was to reduce rather than increase the aggregate amounts to be allowed for fees and salaries to public officers. Besides, the policy of our law is not favorable to the payment of constructive fees for official services. *Wright* v. *Board, etc.,* 98 Ind. 88; *Board, etc.,* v. *Gresham,* 101 Ind. 53.

It is finally contended that Bromley is, in any event, entitled to recover from the county the value of his services as overseer of the poor, subject to his liability to have to reimburse the township fund for the amount overcharged for other official services.   But, having intermingled his services as overseer of the poor with his other official duties, and having received full compensation from the township fund for every day during which he performed any official duty, he is now precluded from recovering any further compensation from the county, or from any other fund.

The judgment is reversed, with costs, and the cause remanded, with instructions to state conclusions of law in accordance with this opinion, and to render judgment accordingly.

Filed Nov. 3, 1886.