THE STATE OF KANSAS v. HENRY R. CORNING.

1. COUNTY WARRANT — *Over-issue—Misdemeanor—Charge, Not Sustained.* Under ¶¶ 1662, 1888, and 1889, General Statutes of 1889, it is a misdemeanor for a board of county commissioners, or the chairman of the board, to issue county warrants upon an account, claim, or demand, when allowed, for more than the actual amount so allowed, dollar for dollar; but a charge in an indictment that the defendant, as the chairman of a board of county commissioners, unlawfully,

willfully, and corruptly voted for and allowed to contractors $2,035 for the construction of a bridge, when the contract-price was $1,850 only, is not sustained by testimony showing that all the members of the board voted for and allowed $1,850 for the bridge, but that the chairman, without any other vote or direction, issued a county warrant for $2,035 on the claim of $1,850, after it was duly allowed.

2. COUNTY BOARD — *Compensation* — *Indictment* — *Evidence*. In a county having less than 10,000 inhabitants, the compensation of the members of a board of county commissioners for their services in attending the regular and special meetings of the board, cannot exceed the sum of $100 for each commissioner in any one year, but this compensation will not prevent the members of the board of county commissioners from charging additional compensation while *attending* meetings to equalize assessments, to levy taxes, or to canvass the returns of elections. Hence, where it is sought to charge in an indictment a member of the board of county commissioners with unlawfully receiving for his services as a commissioner in any one year, a sum exceeding $100 in a county having less than 10,000 inhabitants, the indictment and the testimony offered in support thereof should show that such compensation was received by him for only attending the regular and special meetings of the board of county commissioners·

*Appeal from Ness District Court.*

THE opinion states the facts. Trial at the January term, 1890, and judgment for *The State.* The defendant, *Corning,* appeals.

*Cyrus Corning,* and *J. G. Ibach,* for appellant.

*L. B. Kellogg,* attorney general, and *Geo. C. Brownell,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: During the year 1888, Henry R. Corning was the chairman of the board of county commissioners of Ness county. On the 7th day of February, 1889, an indictment was returned and filed against him, embracing three counts. The first count charged him with having on the 9th day of July, 1888, unlawfully, willfully and corruptly voted for and allowed the payment of $2,035 for the building of a bridge for the county, the contract-price of which was $1,850. The third count charged him with having unlawfully and

willfully presented claims against the county of Ness for his services as county commissioner for the year 1888, amounting to $219, and having willfully and unlawfully obtained payment thereon, when the statute permitted him to receive for his services as county commissioner the sum of $100 only. He was convicted upon the first and third counts of the indictment, and sentenced to pay a fine of $100 upon the first count, and also $100 upon the third count, together with all the costs of the prosecution, and to be committed to the county jail of Ness county until the fines and costs were paid. He appeals to this court. It is contended that the evidence did not sustain the verdict of the jury, or the sentence of the court, upon either count of the indictment.

Upon a contract entered into between the board of county commissioners of Ness county, and Ed. Grant and M. G. Cowles, on the 8th day of June, 1888, Grant and Cowles constructed a bridge across the Pawnee river, near Riverside, for the sum of $1,850. On July 2, 1888, the board of county commissioners, in regular session, voted for and allowed the account or claim of Grant and Cowles of $1,850, for the bridge. On July 9, 1888, there was issued to them upon the account or claim so allowed, a county warrant for $2,035. This was signed by Henry R. Corning, as chairman, and attested by G. B. Barber, as clerk. On July 19, 1888, it was presented to the county treasurer of Ness county, but not paid for the want of funds. It was, however, regularly registered at that time, and paid on July 31, 1888.

Although the defendant Corning issued a county warrant upon a claim allowed for more than the actual amount so allowed, dollar for dollar, and in doing so violated the provisions of the statute, yet this offense is not charged against him in the indictment. (Gen. Stat. of 1889, ¶¶ 1662, 1888, 1889;. *The State v. Spidle*, just decided.) The indictment charged that Corning "had unlawfully, willfully and corruptly voted for and allowed the payment to Ed. Grant and M. G. Cowles, for the furnishing of the material and the construction of a bridge, the sum of $2,035," when the contract

price for the bridge was $1,850.   As the evidence clearly shows that Corning did not vote for or allow the claim of Grant and Cowles for more than $1,850, the evidence does not sustain the alleged offense in the first count of the indictment, and in the record there is no evidence whatever sustaining the offense alleged in that count.   It is argued, however, that as Henry R. Corning, as chairman, unlawfully issued a county warrant for $2,035, the issuance of such warrant by him was an allowance of a greater sum on the amount or claim of Grant and Cowles than the amount actually due thereon.   Within the terms of the statute, the issuance of a county warrant or order upon an account or claim is not the allowance thereof by the board of county commissioners. (Gen. Stat. of 1889, ¶1647.)   When an account against a county is properly made out and verified by affidavit, it is presented to the county board for allowance.   A vote is taken thereon, and if the board of county commissioners, or a majority of them, vote in favor of the account or claim, then such an account or claim is said to be allowed.   Subsequently, the chairman and clerk of the county board are to sign and issue a county warrant for the amount allowed upon the account or claim, but for nothing more.   The issuance of a county warrant follows the allowance on an account or claim, and therefore is not in itself the legal allowance thereof.

1. County warrant—over-issue—misdemeanor—charge not sustained.

If it were intended to charge the defendant with having issued a county warrant or order upon the account or claim of Grant and Cowles, when allowed, for more than the actual amount so allowed, dollar for dollar, such a charge should have been embraced in the indictment.   There was a variance between the charge in the indictment and the proof offered, and as there was no proof offered under the first count of the indictment sustaining the charge that the defendant voted for and allowed any greater sum to Grant and Cowles than the amount actually due upon their account or claim presented, no offense was established against the defendant within the language of the indictment. (*The State v. Spidle*, supra.)

The third count of the indictment alleged that —

"The said Henry R. Corning, being then and there one of the county commissioners of said county of Ness, and being entitled by law to receive as compensation for his services as said county commissioner a sum not exceeding $100 during the year aforesaid, did then, and during said official year, willfully and unlawfully present to said board of county commissioners of the said county of Ness, divers illegal vouchers in evidence of compensation alleged therein to be due him, the said Henry R. Corning, for services as county commissioner of said county of Ness during the official year, in all amounting to the sum of $219, and thereby did there and during said year, willfully and unlawfully obtain the payment to himself of the sum of $219, as compensation for services as county commissioner of said county of Ness during said year, said sum being more than he, the said Henry R. Corning, was entitled to by law."

Paragraph 1623, Gen. Stat. of 1889, reads:

"The board of county commissioners shall meet in regular session, at the county seat of the county, on the first Monday of January, and the first Monday after the first Tuesday of April, and the first Mondays of July and October, in each year, and in special session on the call of the chairman, at the request of two members of the board, as often as the interest of the county may demand: *Provided*, The pay for such services, including all regular and special meetings, shall never exceed the sum of one hundred dollars to each commissioner in any one year."

In *Burroughs v. Comm'rs of Norton Co.*, 29 Kas. 196, it was decided that the limitation of one hundred dollars contained in the proviso above quoted, does not include pay for the services of the members of a board of county commissioners while attending meetings to equalize assessments, to levy taxes, or to canvass the returns of elections. Hence the indictment should have charged that the defendant unlawfully received a sum exceeding one hundred dollars for his services as commissioner during the year of 1888 for attending the regular and special meetings of the board of county commissioners of Ness county.

2. County board —compensation—indictment—evidence.

The testimony to support such an offense must also have shown that he received more than $100 for his

services in attending the regular and special meetings of the board of county commissioners during the year 1888.

Various accounts allowed to the defendant by the board of county commissioners of Ness county were presented in the testimony, but with the exception of two or three of the accounts, they did not show on their face whether they were for regular or special meetings of the board, or for services as county commissioner while attending meetings to equalize assessments, to levy taxes, canvass the returns of elections, or other like services; therefore, neither the third count of the indictment, nor the proof offered, clearly showed that the defendant received more than $100 as his compensation for services rendered in attending the regular and special meetings of the board of county commissioners of Ness county during his official year, commencing on the second Monday of January, 1888, and ending on the second Monday of January, 1889. We are therefore compelled to say that the verdict and the sentence of the defendant upon the third count cannot be sustained.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.