EUGENE L. LEWIS, AUDITOR v. STATE EX REL. HARRISON.

ADDITIONAL COMPENSATION TO COUNTY OFFICERS.

The services performed on the decennial county board of equalization, under the Hendley-Royer law, by the auditor, county surveyor and county commissioners are without the scope of their official duties as such, and are not so "incident" or "germane" to the regular duties of the offices to which they have been respectively elected, as to make the provision for compensation contained in the Hendley law, in contravention of the act of the legislature, 94 O. L., 396, or of the constitution, Art. 2, Sec. 20.

*Frank F. Dinsmore*, for plaintiff.

*Wilson, Cosgrave & Jones*, county solicitors, for defendants, cited: 94 O. L., 396; Sec. 20, Art. 2, Const.; Sec. 2813a, Rev. Stat; 94 O. L., 622; Sec. 1078, Rev. Stat. Henderson v. Commissioners, 4 Col. App., 301 [35 Pac. Rep. 880]; State ex rel. v. Raine, 49 Ohio St., 580 [31 N. E. Rep. 741]; Mechem on Pub. Off., Sec. 826; 1 Dillon on Mun. Cor., 315; Evans v. Trenton, 24 N. J. L., 764; Strawn v. Commissioners, 47 Ohio St. [26 N. E. Rep. 635]; Anderson v. Jefferson Co., 25 Ohio St., 13; McClave v. Miller, 25 Ohio St., 14; In re Lease's Claim, 2 Circ. Dec. 386, (4 R.3); Halpin v. Cincinnati, 3 Dec. (Re.), 58; Debolt v. Cincinnati Tp., 7 Ohio St., 237; Hatch v. Cincinnati, 17 Ohio St., 48; Callaway v. Henderson, 119 Mo., 32 [24 S. W. Rep., 437]; Bartch v. Cutler, 6 Utah, 409 [24 Pac. Rep., 526]; People v. Calhoun Co., 36 Mich., 10; Donaldson v. Wabash Co., 92 Ind., 80; Hope v. Hamilton Co., 101 Tenn. [47 S. W. Rep., 487]; Jones v. Commissioners, 57 Ohio St., 189 [48 N. E. Rep., 882; 63 Am. St. Rep., 710]; United States v Saunders, 120 U. S., 126 [7 Sup Ct. Rep., 467].

JELKE, J.

The question in these cases is whether or not an allowance of five dollars per day can be made to the auditor, each of the county commissioners and the county surveyor, as members of the decennial county board of equalization, under what is known as the Hendley-Royer law, viz., Sec. 2813, Rev. Stat., as amended by the Hendley law, 94 O. L., 246; and by the Royer law, 94 O. L., 336; and construed by the Supreme Court in State ex rel. Guilbert, Auditor, v. Halliday, Auditor, 63 Ohio St., 165.

It is contended by counsel for the auditor that the defendants in error are all county officials, and therefore Sec. 20, Art. 2, of the constitution forbids any change affecting their salaries or compensation during their respective terms of office; and further, that an act of the same general assembly which passed the Hendley-Royer law, viz., 94 O. L., 396, providing "that no act heretofore passed at this session of the general assembly, regulating the salaries and compensation of county officers, in any county of the state, shall be construed to affect or change in any man-

ner the salary or compensation of any county officer elected prior to the passage of such act," makes nugatory the clause of the Hendley law providing for compensation. 94 O. L., 248.

From an examination of the authorities, we are of opinion that this case turns upon the question whether the service of a member of the decennial county board of equalization is without the scope of the official duty of each of these county officers respectively, is as to the offices to which they have been elected extra-official, or is germane and incident to such official duty.

In the following cases, under more or less similar constitutional or legislative provisions, compensation has been allowed: Evans v. Trenton, 24 N. J. L. R., 764; United States v. Saunders, 120 U. S., 126, 127; Ex rel. Anderson v. Durick, 20 Calif., 94; Love v. Baehr, 47 Calif., 364; Melone v. State, 51 Calif. 549; Green v. State, 51 Calif., 577; Crosman v. Nightingill, 1 Nev., 274; State ex rel. Davenport v. Laughton, 19 Nev., 202, 8 Pac., 344; State ex rel. Howell v. La Grave, 23 Nev., 373, 48 Pac., 674; Burroughs v. Commissioner, 29 Kan., 196; Kansas v. Corning, 44 Kan., 442, 443, 24 Pac., 966; State ex rel. McGrath v. Walker, 97 Mo., 162, 10 S. W., 473; McBride v. Grand Rapids, 47 Mich., 236, 10 N. W., 353; Roulo v. Auditor, 74 Mich., 129, 41 N. W., 879; Detroit v. Redfield, 19 Mich., 376.

In the following cases compensation was denied: Ex rel. Stetsen v. Supervisors, 36 Mich., 10; Jones v. Commissioners, 57 Ohio St., 189; Henderson v. Pueblo Commissioners, 9 Col. App., 301; State ex rel. v. Raine, Auditor, 49 Ohio St., 580; Strawn v. Commissioners, 47 Ohio St., 404; Callaway Co. v. Henderson, 119 Mo., 32, 24 S. W., 437; Bartch v. Cutter, 6 Utah, 409, 24 Pac., 526; People v. Calhoun Co., 36 Mich., 10; Donaldson v. Wabash Co., 92 Ind., 80; Commissioners v. Bromley, 108 Ind., 158, 8 N. E., 923; Hope v. Hamilton Co., 47 S. W., 487.

And generally on this subject see Mechem on Public Officers, Secs. 859-864; Dillon on Municipal Corporations, Vol. 1, Par. 233 and 234 and notes.

The reason of such constitutional and legislative provisions sounds in contract, and is that one entering upon an office to which a salary or compensation has been affixed undertakes not only to perform such duties as are prescribed to such office, but has in contemplation the performance of all duties which may arise which are naturally incident to such office or are germane to it, and that when the legislature specifies an additional duty germane in its nature and naturally incident to the office it has added nothing but what the officer is deemed to have had in contemplation when he entered upon the office at a fixed salary.

The administration of the county's business is divided among its various officers and boards, and, theoretically speaking, such division is supposed to embrace all the necessary powers and duties of the county.

The service performed by each and every member of the decennial county board of equalization is the same, be he in other capacity auditor, surveyor or county commissioner. If, then, this service is incident and germane to the duties of any county officer, it is important to discover which. If the county's business is properly divided, it is logically impossible that it should be incident to more than one, or to three. It is absurd to assume that three officers entered upon their different offices under an implied obligation to perform one and the same service. If we say this service is incident to one of the three—the auditor *or* the commissioner

*or* the surveyor—we do not say that it is incident to either. We are therefore driven to choose one and say that this service is incident to his office, or to say that it is incident to neither of them. If it is incident to neither the conclusion is plain, it is as to them a new office and they may receive compensation. If we choose one and say this service is incident to his office, the result is manifestly unfair because we deny him compensation and give it to the others.

The service performed by the members of the decennial county board of equalization is more akin or germane to the duties of the county auditor than to the others. Let us therefore take this horn of the argument and see whether or not this service is as to him so incident to his office as to come within the constitutional and legislative prohibition against additional compensation.

The language of the Hendley law, itself, furnishes us a clue as to what the legislature thought in this regard. On page 248 (94 O. L.), at the twentieth line, the law provides: "Including the county auditor *in his own proper person.*" Recognizing that all moneys received by the auditor, as auditor, must go directly into the fee fund, and that the duties on the decennial board are not auditorial duties or performed in the capacity of auditor, but are a distinct and independent service performed in another capacity, and anticipating and providing against the very question raised in this case, and intending that the compensation provided for should go to the person performing the service on the board irrespective of other official capacity, the legislature inserted these significant words. And inasmuch as the county auditor is the only one of three officers who receives fees for service performed in his official capacity, which pass into the fee fund, but is himself paid a fixed salary, it becomes apparent that the legislature deemed it necessary to say this only as to him, thinking that the question never could arise as to the others, hence the insertion of these words becomes pregnant with meaning as to all.

This argument disposes of the objection under the prohibition of the act of the legislature, 94 O. L., 396, but does not meet the constitutional objection. It will not do to say that this provision is constitutional because the legislature thought this service not *incident.* The legislature intends all its acts to be within the constitution, and presumptively they are. This brings us back to the main question, which must be determined from the nature of the service itself.

In the first place this service is so large and important that it properly is not confided to an individual, but to a board of five members, which acts with a quorum and by a majority of three. The individual members can do nothing by and of themselves.

How can it be said that service on this board is of such a nature that it was in contemplation of the legislature in prescribing the duties of the auditor, or in contemplation of the auditor, when he assumed the duties and responsibilities of his office at a fixed salary? He does nothing on the board as auditor. The legislature has had recourse to his office merely for the purpose of providing an *ex officio* method of appointment. An examination of the cases cited above will show that the *ex officio* appointment does not render the service any less distinct and independent, if it is in its very nature distinct and independent.

An *incident* or *germane* duty can not be larger and more important than the essential or prescribed duties of an office. It seems to us that **this** duty is so large and important that the legislature did wisely in not

imposing it upon any county officer as such, and in confiding it to a separate board; and although the auditor acts as a member of the board, the board's action is so superior to the auditor, and controlling upon him in his official capacity as auditor, that his position on the board can not be considered as an *incident* or *germane* duty.

It was said in White v. East Saginaw, 43 Mich., 567, 6 N. W., 86, in a somewhat different inquiry: "The imposition of new duties not 'incident' or 'germane' to the regular duties of his office upon an officer, does not change his office, but invests him with a new office."

We therefore are of opinion that the compensation of five dollars per day, provided for the auditor in the Hendley law is not in contravention of any other legislative provision or of the constitution.

This conclusion follows with even greater certainty as to the surveyor and county commissioners.

Judgment. affirmed.