## HOLMES *v.* BOARD OF COMMISSIONERS OF JAY COUNTY.

[No. 11,422. Filed April 20, 1922.]

ELECTIONS.—*Township Trustee Acting as Inspector of Election.— Compensation.—Statutes.*—A township trustee acting as inspector of an election by virtue of his official position, as provided by §6884 Burns 1914, Acts 1897 p. 199, is not entitled to the compensation fixed for election inspectors by §6881j Burns' Supp. 1921, Acts 1920 p. 45, in addition to his regular salary as township trustee, in view of §1 of the act of 1917 (Acts 1917 p. 602, §9589g *et seq.* Burns' Supp. 1921), putting township trustees on a salary and providing that " they shall receive no other compensation whatever."

From Jay Circuit Court; *E. E. McGriff*, Judge.

Action by L. C. Holmes against the Board of Com-

missioners of Jay County. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Roscoe D. Wheat,* for appellant.

*L. R. Cartwright,* for appellee.

ENLOE, J.—The appellant is, and was in November, 1920, the duly elected, qualified and acting trustee of Greene township, Jay county, Indiana. At and prior to the time of the general election held in that month, he resided in the north precinct of said township, and by virtue of his official position, acted as inspector of election in his precinct, at said election, as provided for by §6884 Burns 1914, Acts 1897 p. 199. Thereafter he duly filed in the office of the auditor of said county his claim for such services, in the sum of $12, being the amount of compensation provided for by §6881j Burns' Supp. 1921, Acts 1920 (Spec. Ses.) p. 45. The appellee rejected said claim and the matter was taken to the circuit court where a trial was had, upon an agreed statement of the facts, resulting in a finding and judgment against the appellant, from which this appeal is prosecuted.

The sole and only question presented for our determination is—as stated by counsel for appellant—whether a township trustee who acts as inspector on an election board, in the precinct where he resides, is entitled to the compensation therefor, specified in said act of 1920, *supra.*

It has been the law for many years that a township trustee, by virtue of his office, should act as inspector for the precinct in which he resided, at elections. Prior to the enactment of the law placing all township trustees upon a salary basis (Acts 1917 p. 602, §9589g *et seq.* Burns' Supp. 1921) such trustees were paid a *per diem* for the time spent by them in the discharge of their official duties. Under the provisions of the act

creating a township advisory board, Acts 1911 p. 355, §4, §9593 Burns 1914, the trustee was required to attend the meetings of such board, and said section further provided: "he shall present a detailed and itemized statement in writing of his estimated expenditures * * *, specifying * * * the number of days deemed necessary for the discharge of the duties of his office, and the days of the week or month when they can be most advantageously performed, * * *." By §10, Acts 1899 p. 150, §9600 Burns 1914, it was provided that: "the number of days service for which the trustee is allowed shall be fixed and allowed by the advisory board at their annual meeting, and this shall constitute the entire compensation of such trustee for all the duties of his office."

It is a matter of common knowledge that the advisory board would usually fix the number of days for which the trustee should receive compensation at the maximum, excluding Sundays only. To remedy this condition the act of 1917 was passed, (Acts 1917 p. 602, §9589 *et seq.* Burns' Supp. 1921) which placed all such trustees upon a *salary basis*, and §1 of that act provides that: "The township officers herein named shall receive for their services the compensation provided in this act *and they shall receive no other compensation whatever.*" (Our italics.) The legislature must be presumed to have had in mind, when they passed this law, all the duties enjoined by law upon a township trustee. They made no change in these duties. They knew that a township trustee was required by law to act as inspector at elections, but they made no exception in his favor as to the pay he should receive in connection with that matter. His salary as fixed, was an annual salary, covered all his time and he would necessarily therefore receive pay as trustee, for the time spent as inspector. He was only

entitled to one pay. See *Board, etc.* v. *Bromley* (1886), 108 Ind. 158, 8 N. E. 923.

The judgment is affirmed.

Dausman, C. J., dissents.

### DISSENTING OPINION.

DAUSMAN, C. J.—To control and regulate elections is peculiarly a state function. The legislature in the discharge of that function has enacted elaborate statutes prescribing in detail how elections shall be conducted, the duties of the precinct officials, the compensation of those officials, and the many other matters and things involved in an election. Section 6884 Burns 1914, Acts 1897 p. 199, provides that: "Township trustees shall, by virtue of their office, be inspectors of elections in the precincts in which they respectively reside."

Prior to 1917, township trustees were paid by the day for the services rendered their respective townships, except in certain townships having large populations. Section 9588 *et seq.* Burns 1914, Acts 1891 p. 349. They also received a *per diem* for their services in caring for the poor. Section 9769 Burns 1914, Acts 1901 p. 323. In 1917 the legislature put township trustees on a salary basis. Acts 1917 p. 602, §9589g *et seq.* Burns' Supp. 1921. Section 1 of that act provides: "That the township officers herein named shall receive for their service the compensation provided in this act and they shall receive no other compensation whatever."

This act specifies the amount of salary to be paid trustees in the various classes, provides for the payment of office rent, clerical assistants and expenses. From the act as a whole it is clear to me that the legislature intended that the salary should compensate a trustee for the services rendered *as trustee* only. The legislature in fixing the salary had in mind only the

services to be rendered for the township. That salary is for township services and is paid by the township out of township funds appropriated by the township advisory board. That salary is in full for his services as a *township* officer and for his services as a township officer he may not receive any other compensation what-soever.

In 1920, the legislature enacted a statute entitled: "An Act concerning elections and declaring an emergency." Acts 1920 (Spec. Ses.) p. 41, §6881j Burns' Supp. 1921. Section 10 of that act provides: "Each judge, each clerk and each assistant clerk of any general election shall be allowed and paid the sum of nine dollars ($9) ; and each sheriff of any such election shall be allowed and paid the sum of six dollars ($6), and each inspector of such election shall be allowed and paid the sum of twelve dollars ($12) for the performance of all the duties of his office imposed on him by law, whether the same is rendered before, on the day of or after such election."

It will not do to say that the act of 1920, amends the act of 1917. Art. 4, §§19, 21, Constitution. The subject-matter of each of these acts differs widely from the subject-matter of the other. The two acts may not be read together. They operate in entirely different realms. When a person who happens to be a township trustee is acting as a precinct inspector, he is not acting as a township officer. He is then an election officer and is serving the state. His services as an election officer are not incident to his services as trustee. His compensation as an election officer does not come from the township, but from a different source. When passing the act of 1920, the legislature had the act of 1917, before its eyes. It must be presumed, therefore, that if the legislature had intended that such inspectors as happen to be township trustees should not be compensated

as other inspectors, an express provision to that effect would have been inserted in §10 of the later act. Such provisions in statutes are not unusual. Indeed the legislature made use of such a provision at the same session. Acts 1920 (Spec. Ses.) p. 144. Since no such provision has been put in the statute by the legislature, the courts are not authorized to insert it. Much of the prevailing confusion and uncertainty with respect to our statutory law would be avoided if the courts would steadfastly refrain from inserting what the legislature has deliberately omitted, and from striking out what the legislature has deliberately inserted. In the matter now under consideration, on what principle or rule of statutory construction can a court say that the legislature has provided that an inspector who happens to be a trustee shall serve without compensation?

In determining the legislative intent concerning the question of compensation the words "by virtue of their offices," as used in §6884 Burns 1914, *supra,* lend no support to the majority opinion. That expression means merely "without any other warrant or appointment." Black, Law Dict.; 25 C. J. 169. The legislature has said plainly that all inspectors shall receive the compensation specified, and I see no valid reason why the courts should amend the statute to deny those who happen to be trustees the compensation thus provided for their extra or *ex-officio* services.